COLLAZO, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

## Appeal from a Decision of the Registrar of Property Refusing to Record a Consummation of Sale.

No. 325.—Decided July 24, 1917.

RECORD OF TITLE—SALE WITH AGREEMENT TO RECONVEY—USURY—REPEAL—RE-
TROACTIVE EFFECT.—Act No. 47 of April 13, 1916, to repress usury, contains
no repealing clause and, therefore, cannot control an act performed prior
to its approval, for this would be contrary to the provisions of section 3
of the Civil Code that laws shall not have a retroactive effect unless they
expressly so provide, and that in no case shall the retroactive effect of a
law operate to the prejudice of rights acquired under previous legislative
action.

ID.—ID.—CONSUMMATION OF SALE—MORTGAGE—SECURITY.—Records once entered
are entitled to the protection of the courts, which alone are competent to
pass upon their nullity. Therefore, when a sale of property with an agree-
ment to reconvey made prior to the approval of Act No. 47 of 1916, to
repress usury, is recorded, the consummation of the sale cannot be denied
admission to record after the expiration of the time allowed for the re-
purchase on the ground that the contract is presumed to be one of a loan
with a mortgage on the property as security, because the vendor retained
the material possession of the property.

The facts are stated in the opinion.

*Mr. Celestino Benítez* for the appellant.

The respondent appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By a public deed of purchase and sale executed on Decem-
ber 31, 1912, and recorded in the Registry of Property of
Caguas, Rosa Collazo conveyed to Manuel I. Rivera an urban
property, reserving the right to repurchase the same within
one year; and Manuel I. Rivera sold the same property to
Bartolomé Collazo Díaz, subject to the same right of repur-
chase, by another deed of April 5, 1913, which was also
recorded in the said registry on April 15, 1913.

The said deed of April 5, 1913, having been presented to
the Registrar of Property of Caguas in order to secure an
entry of the consummation of the sale by reason of the
expiration of the time fixed for the redemption of the prop-

erty, the registrar refused to make the entry for the reasons stated in the following decision:

"Entry of the consummation of the sale made in the above instrument, to wit, deed No. 3, executed before Notary Celestino Benítez in Juncos on April 5, 1913, is denied, because the said sale is presumed in law to be a contract of loan for the sum of two hundred and fifty dollars secured by a mortgage on the property sold, inasmuch as the material possession of the property was retained by the vendor, and because it was agreed that interest at the rate of 36 per cent annually, although represented to be the rental of the property sold, should be paid to the vendee (Act No. 47, To Repress Usury, approved April 13, 1916, p. 100). A cautionary notice has been entered, etc."

This decision has been submitted to our consideration by virtue of an administrative appeal taken therefrom.

We regard the decision appealed from as manifestly erroneous because it violates the provision of section 3 of the Civil Code that laws shall not have a retroactive effect unless they expressly so provide, and that in no case shall the retroactive effect of a law operate to the prejudice of rights acquired under previous legislative action. Act No. 47 of April 13, 1916, relied on by the registrar, contains no repealing clause and, therefore, cannot affect a contract entered into prior to its enactment; that is, one executed on December 31, 1912.

The decision is also in discord with the principle laid down by the General Directorate of Registries of Spain and by repeated decisions of this court to the effect that when records are once made they are under the protection of the courts, which alone are competent to pass upon their validity. The two deeds of purchase and sale with agreements to reconvey of December 31, 1912, and April 5, 1913, had been recorded in the Registry of Property of Caguas, and as we said in the case of *Pérez* v. *Registrar of Caguas, ante,* p. 517, "The appellant having presented in the registry of property the deed of purchase * * * showing that the

time granted their vendors to repurchase had expired, together with their petition that the consummation of the sale be recorded and it not appearing in the registry that the property was redeemed, the registrar should have entered of record the consummation of such sale, for this is all that is necessary to extinguish the resolutory condition. Decision of the General Directorate of Registries of Spain of May 18, 1865.''

The decision appealed from should be

*Reversed and record ordered.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.